# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CIVIL ACTION NO. 3:20-CV-00130-CHL

**RAMONA DENISE PENNINGTON,**     **Plaintiff,**

v.

**COMMISSIONER OF SOCIAL SECURITY,**[1]     **Defendant.**

## MEMORANDUM OPINION AND ORDER

Before the Court is the Complaint filed by Plaintiff, Ramona Denise Pennington ("Pennington"). Pennington seeks judicial review of the final decision of the Commissioner of Social Security ("the Commissioner"). (DN 1.) Both Pennington and the Commissioner filed a Fact and Law Summary. (DNs 12, 13.) The Parties have consented to the jurisdiction of a Magistrate Judge to enter judgment in this case with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed. (DN 10.) Therefore, this matter is ripe for review.

For the reasons set forth below, the final decision of the Commissioner is **AFFIRMED**.

## I.  BACKGROUND

On or about February 4, 2015, Pennington protectively filed an application for disability insurance benefits ("DIB") and supplemental security income ("SSI") alleging disability beginning on December 13, 2013. (R. at 413-28.) On July 26, 2017, Administrative Law Judge ("ALJ") Jerry Lovitt conducted a hearing on Pennington's application. (*Id.* at 112-73.) In a decision dated November 15, 2017, the ALJ engaged in the five-step sequential evaluation process promulgated by the Commissioner and issued a partially favorable decision finding that Pennington was not

---

[1] As Kilolo Kijakazi is now the Acting Commissioner of Social Security in place of Andrew Saul, she is automatically substituted as the Defendant in this matter pursuant to Fed. R. Civ. P. 25(d). The Court will direct the Clerk to change the case caption to reflect the substitution.

disabled prior to November 4, 2017, but became disabled on that date and had continued to be disabled through the date of his decision.  (*Id.* at 242-68.)  Pennington requested review of the ALJ's decision by the Appeals Council, which, on May 18, 2018, granted her request.  (*Id.* at 269-74, 351-52.)  The Appeals Council vacated the ALJ's decision and remanded the case to the ALJ for further proceedings consistent with its order, including to obtain additional evidence regarding Pennington's impairments, give further consideration to the opinion evidence of record, give further consideration to Pennington's residual functional capacity ("RFC"), and "[i]f warranted by the expanded record, obtain evidence from a vocational expert to clarify the effect of the assessed limitations on [Pennington]'s occupational base."  (*Id*. at 272-73.)

The ALJ conducted an additional hearing on Pennington's application on September 28, 2018.  (*Id.* at 45-109.)  The ALJ then issued a new decision dated December 12, 2018, in which he made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2018.  (*Id.* at 18.)

2. The claimant has not engaged in substantial gainful activity since December 13, 2013, the alleged onset date.  (*Id.*)

3. The claimant has the following severe impairments: obesity, substance abuse disorder, degenerative disc disease, degenerative joint disease, osteoarthritis, rheumatoid arthritis, asthma, carpal tunnel syndrome, fibromyalgia, and depression.  (*Id.*)

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.  (*Id.* at 20.)

5. [T]he claimant has the [RFC] to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except limited to occasional climbing of ramps and stairs, occasional stooping, kneeling, and crouching, no crawling, no climbing of ladders, ropes, or scaffolding, no unprotected heights, no more than frequent exposure to extreme temperatures, humidity, and vibrations, only occasional exposure to pulmonary irritants such as dust, fumes, gases, and poor ventilation conditions, with frequent bilateral

       handling and fine fingering, with no fast-paced production line or assemble [*sic*] line work, with the incumbent worker being off task for no more than ten percent of the workday in addition to normally scheduled breaks, and with the incumbent worker missing no more than one day of work per month, and would require the use of a cane for assistance with ambulation only. (*Id.* at 24.)

6.     The claimant is capable of performing past relevant work as a general clerk. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity. (*Id.* at 34.)

7.     The claimant's substance use disorder(s) is not a contributing factor that is material to the ultimate determination of disability. (*Id.*)

8.     The claimant has not been under a disability, as defined in the Social Security Act, from December 13, 2013, through the date of this decision. (*Id.* at 35.)

Pennington subsequently requested an appeal to the Appeals Council, which denied her request for review on January 22, 2020. (*Id.* 1-6, 410-12.) At that point, the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R.§ 422.210(a) (2020); *see also* 42 U.S.C. § 405(h) (discussing finality of the Commissioner's decision). Pursuant to 20 C.F.R. § 422.210(c), Pennington is presumed to have received that decision five days later. 20 C.F.R. § 422.210(c). Pennington timely filed this action on February 19, 2020. (DN 1.).

## II.    DISCUSSION

The Social Security Act authorizes payments of DIB and SSI to persons with disabilities. *See* 42 U.S.C. §§ 404-434, 1381-1383f. An individual shall be considered "disabled" if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see also* 20 C.F.R. §§ 404.1505(a), 416.905(a) (2020).

3

### A.     Standard of Review

The Court may review the final decision of the Commissioner but that review is limited to whether the Commissioner's findings are supported by "substantial evidence" and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g); *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). "Substantial evidence" means "more than a mere scintilla"; it means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Court must "affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would also have supported the opposite conclusion." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013); *see Smith v. Sec'y of Health & Hum. Servs.*, 893 F.2d 106, 108 (6th Cir. 1989) (holding that if the Court determines the ALJ's decision is supported by substantial evidence, the court "may not even inquire whether the record could support a decision the other way"). However, "failure to follow agency rules and regulations" constitutes lack of substantial evidence, even where the Commissioner's findings can otherwise be justified by evidence in the record. *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011).

### B.     Five-Step Sequential Evaluation Process

The Commissioner has promulgated regulations that set forth a five-step sequential evaluation process that an ALJ must follow in evaluating a disability claim. 20 C.F.R. §§ 404.1520, 416.920 (2020). In summary, the evaluation process proceeds as follows:

(1)     Is the claimant involved in substantial gainful activity? If the answer is "yes," the claimant is not disabled. If the answer is "no," proceed to the next step.

(2)     Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement[2] and

---

[2] To be considered, an impairment must be expected to result in death or have lasted/be expected to last for a continuous period of at least twelve months. 20 C.F.R. §§ 404.1509, 416.909 (2020).

   significantly limits his or her physical or mental ability to do basic work activities? If the answer is "no," the claimant is not disabled. If the answer is "yes," proceed to the next step.

(3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within 20 C.F.R. Part 404, Subpart P, Appendix 1? If the answer is "yes," the claimant is disabled. If the answer is "no," proceed to the next step.

(4) Does the claimant have the RFC to return to his or her past relevant work? If the answer is "yes," then the claimant is not disabled. If the answer is "no," proceed to the next step.

(5) Does the claimant's RFC, age, education, and work experience allow him or her to make an adjustment to other work? If the answer is "yes," the claimant is not disabled. If the answer is "no," the claimant is disabled.

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

  The claimant bears the burden of proof with respect to steps one through four. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). However, the burden shifts to the Commissioner at step five to prove that other work is available that the claimant is capable of performing. *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008). The claimant always retains the burden of proving lack of RFC. *Id.*; *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 392 (6th Cir. 1999).

  **C.** **Pennington's Contentions**

  Pennington only contested the ALJ's finding at step four that she is capable of returning to her past relevant work as a general clerk. (DN 12, at PageID # 1946-48.) At step four, the ALJ must determine whether a claimant can return to his or her past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). Past relevant work is "work that [the claimant] ha[s] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." 20 C.F.R. §§ 404.1560(b)(1), 416.960(b)(1) (2020). When evaluating whether a claimant can perform past relevant work, the ALJ will examine the claimant's RFC and compare

5

it to the physical and mental demands of the claimant's past work. 20 C.F.R. §§ 404.1520(f), 416.920(f). The relevant inquiry is whether the claimant can return to his or her past type of work rather than just his or her past job. *Studaway v. Sec'y of Health & Hum. Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987). "The regulations permit an ALJ to use the services of a vocational expert at step four to determine whether a claimant can do his past relevant work . . . ." *Griffeth v. Comm'r of Soc. Sec.*, 217 F. App'x 425, 429 (6th Cir. 2007). Specifically,

> a vocational expert or specialist may offer expert opinion testimony in response to a hypothetical question about whether a person with the physical and mental limitations imposed by the claimant's medical impairment(s) can meet the demands of the claimant's previous work, either as the claimant actually performed it or as generally performed in the national economy.

20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2). If the claimant can return to his or her past relevant work, he or she will not be found disabled. 20 C.F.R. §§ 404.1520(f), 404.1560(b)(3), 416.920(f), 416.960(b)(3).

Here, the ALJ found in his decision that Pennington was capable of performing her past relevant work as a general clerk as she actually performed it. (R. at 34.) The ALJ relied on the testimony of a vocational expert ("VE") in making his determination. (*Id.*) During the hearing, the ALJ asked the VE to classify Pennington's past relevant work, and the VE testified that one of Pennington's past jobs overlapped with "clerk, general," Dictionary of Occupational Titles ("DOT") No. 209.562-010, which is classified by the DOT as "light work and semiskilled," with a specific vocational preparation of three. (*Id.* at 99-100.) However, the VE testified that Pennington performed her past job "as sedentary work," not light work. (*Id.*) The ALJ then posed a hypothetical that overlapped with the limitations in his ultimate RFC finding in all respects save for the limitation regarding fast-paced production line or assembly line work and asked the VE whether the hypothetical individual would be able to perform any of Pennington's past relevant

6

work. (*Id.* at 100-101.) The VE testified that Pennington's past work was all eliminated as classified but that the "one job, the clerk, general, which is classified as light, [ ] sound[ed] like it was performed at sedentary" such that it could be done by the hypothetical worker. (*Id.* at 101-102.) Then, the ALJ added a limitation of "no fast-paced production line or assembly line work" and asked if the hypothetical individual would still be able to perform the clerk, general position. (*Id.* at 102.) The VE testified that she would because that was not "an assembly-line type of job or production line." (*Id.*) The VE testified that certain social limitations applied by the ALJ in a third hypothetical would eliminate the clerk position but stated "Notwithstanding, sir, [ ] the referral clerk position would survive under hypo two." (*Id.* at 103.)

Pennington argued that this testimony by the VE was "far from a conclusive statement and insufficient to support the ALJ's conclusion." (DN 12, at PageID # 1948.) She cited to testimony from her prior administrative hearing that she argued "more thoroughly addressed the performance of [her] past work," but she cited no case law to support that the testimony at the prior hearing was relevant to the validity of the VE's testimony at the hearing that immediately predated the instant decision. (*Id.*) Instead, the Court will focus on the VE's testimony at the most recent hearing.

A VE's testimony can constitute substantial evidence to support the Commissioner's findings, *Bradford v. Sec'y Dep't. of Health & Hum. Servs.*, 803 F.2d 871, 874 (6th Cir. 1986) (per curiam), so long as the VE's testimony is based on a hypothetical question that "accurately portrays [a claimant's] individual physical and mental impairments." *Varley v. Sec'y of Health & Hum. Servs.*, 820 F.2d 777, 779 (6th Cir. 1987) (quoting *Podedworny v. Harris*, 745 F.2d 210, 218 (3d Cir. 1984)). *See also Cline v. Comm'r of Soc. Sec.,* 96 F.3d 146, 150 (6th Cir. 1996). Pennington did not challenge the ALJ's assessment of her RFC and did not make any such argument that the

7

hypothetical question did not fully address her impairments. Accordingly, the VE's testimony constituted substantial evidence to support the ALJ's step four finding.

The Court further finds that Pennington has waived this issue because her attorney did not challenge the VE's testimony during the hearing. In response to a question from the ALJ, the VE confirmed that his testimony had been consistent with the DOT except for where otherwise specified.[3] (R. at 105.) Pennington's attorney did not pose any questions to the VE related to his classification of her past relevant work as sedentary as actually performed or the consistency of the same with the DOT. "Nothing in SSR 00–4p places an affirmative duty on the ALJ to conduct an independent investigation into the testimony of witnesses to determine if they are correct." *Martin v. Comm'r of Soc. Sec.*, 170 F. App'x 369, 374 (6th Cir. 2006). Thus, an "ALJ is under no obligation to investigate the accuracy of the VE's testimony beyond the inquiry mandated by SSR 00–4p. This obligation falls to the plaintiff's counsel, who had the opportunity to cross-examine the VE and bring out any conflicts with the DOT. The fact that plaintiff's counsel did not do so is not grounds for relief." *Beinlich v. Comm'r of Soc. Sec.*, 345 F. App'x 163, 168-69 (6th Cir. 2009) (citations omitted); s*ee also Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 606 (6th Cir. 2009); *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) ("[C]ounsel may not now complain because he failed to cross examine Buckner when he had an opportunity to do so . . . ."). This lack of cross examination by Pennington's counsel is particularly significant given that neither the ALJ nor the VE are bound by the DOT's classifications. *Wright v. Massanari*, 321 F.3d 611, 616 (6th Cir. 2003). "Neither the DOT nor the VE['s] . . . evidence automatically 'trumps' when there is a conflict" between the two; instead, the ALJ "must resolve the conflict by

---

[3] Where the ALJ relies on the testimony of a VE, SSR 00-4p imposes on the ALJ an affirmative duty to ask the VE whether there is a conflict between the VE's testimony and information in the DOT. SSR 00-4p, 65 Fed. Reg. 75,759, 75,760 (Dec. 4, 2000). If there appears to be a conflict, ALJ must elicit from the VE an explanation for the conflict. *Id.*

determining if the explanation given by the VE . . . is reasonable and provides a basis for relying on the VE['s] . . . testimony rather than on the DOT information." SSR 00-4p, 65 Fed. Reg. at 75,760.  Without an objection on this basis, the ALJ had no reason to inquire further into the VE's testimony or ask further questions than he already had regarding Pennington's past job duties.  Thus, because the ALJ asked the VE if his testimony was consistent with the DOT and the uncontradicted testimony of the VE indicated that no conflict existed, it was not error for the ALJ to rely on the VE's testimony.

Accordingly, the ALJ's step four determination is supported by substantial evidence, and Pennington has failed to demonstrate any reversible error in the ALJ's step four analysis.

### III.    ORDER

For the reasons set forth above, IT IS HEREBY ORDERED that the final decision of the Commissioner is **AFFIRMED**.  A final judgment will be entered separately.

IT IS FURTHER ORDERED that pursuant to Fed. R. Civ. P. 25(d), Kilolo Kijakazi, Acting Commissioner of Social Security, is substituted as the Defendant in place of Andrew Saul, and the Clerk is directed to change the case caption to reflect the substitution.

Colin H Lindsay, Magistrate Judge
United States District Court

cc:    Counsel of Record
       September 29, 2021